**In re MILFORD GROUP, INC., Debtor.**

**Bankruptcy No. 5–91–00024.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Nov. 3, 1993.

Joseph Solfanelli, Scranton, PA, Lee C. Krause, Co-counsel, Honesdale, PA, for Milford Group, Inc.

Helen Davis Chaitman, Somerset, NJ, for Milford Group, Inc., Gerald E. Swendsen, Melvin C. Swendsen, Dorsan, Inc. and Three Lanes Utility Inc.

George Clark, Trustee, Scranton, PA, Trustee for Milford Group, Inc.

William Slaughter, Philadelphia, PA, Michael Donohue, Scranton, PA, Edward Swichar, Philadelphia, PA, for Northeastern Bank of PA.

Stephen Bresset, Honesdale, PA, Howard Rothenberg, Scranton, PA, for Lester Lieberman, Ralph Miller, Richard Miller and ILM Corp.

Robert N. Opel, Kingston, PA, John J. Schneider, Milford, PA, Ellen McDowell, Philadelphia, PA, for Samall Associates Inc.

Matthew D'Annunzio, Philadelphia, PA, for Samall Associates Inc. and Richard Snyder.

Charles Kannebecker, Port Jervis, NY, for John "Duke" Schneider.

Edward Monsky, Scranton, PA, for John "Duke" Schneider (Weinstein & Schneider).

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On December 7, 1992, the Chapter Seven Trustee, George Clark, Esquire, applied to this Court for authority to employ Helen Davis Chaitman, Esquire, as Special Counsel to the Trustee for the purposes of representing the estate in litigation against various defendants on matters currently pending in the Court of Common Pleas of Lackawanna County.

Ms. Chaitman, at that point, had represented plaintiffs in this action who are identified as Gerald E. Swendsen and Melvin C. Swendsen (hereinafter "Swendsens") and "others".

On December 14, 1992, this Court did issue an Order authorizing the retention of Helen Davis Chaitman, Esquire, as Special Counsel, and basing her compensation on a contingent fee of one-fourth the gross recovery by way of settlement and one-third the gross amount by way of jury verdict.

Subsequently, ILM Corporation and Ralph Miller (hereinafter "ILM") moved for Relief under Rule 9023 asking this Court to reconsider the appointment. ILM is a mortgagee and a creditor of the estate.

On December 28, 1992, Samall Associates, Inc. (hereinafter "Samall") joined with ILM in their Motion. Samall is a mortgagee having succeeded to the interests of Northeastern Bank.

On December 31, 1992, Ms. Chaitman filed a Certification apparently in compliance with Federal Rule of Bankruptcy Procedure 2014(a) setting forth her connections with the Debtor, creditors or any other parties in interest.

That Certification indicates that the Trustee has sought her retention in an action against Northeastern Bank of Pennsylvania, Lester Lieberman, Ralph Miller, Richard Miller, Samall Associates, Inc., John "Duke" Schneider, ILM Corporation and Richard Snyder. The certification continues that the current plaintiffs were shareholders of the Debtor, the Swendsens, and the Debtor's largest unsecured creditor, Dorsan, Inc. (hereinafter "Dorsan").

Ms. Chaitman further indicated that her law firm represents the Swendsens in an action against Samall in Pike County in an attempt to set aside confessions of judgment obtained by Northeastern Bank and subsequently assigned to Samall.

The Swendsens and Dorsan are to pay Ross & Hardies, Ms. Chaitman's law firm, on an hourly basis while the Trustee has agreed to compensate the firm on a contingency fee basis.

Testimony on the Reconsideration of the appointment of Helen Davis Chaitman, Esquire, as Special Counsel was conducted on February 5, 1993.

## DISCUSSION

The applicable Code Sections controlling the determination of this issue are set forth in 11 U.S.C. §§ 327(c) and (e) as follows:

**11 U.S.C.S. § 327. Employment of professional persons**

(c) In a case under chapter 7, 12, or 11 of this title [11 USCS §§ 701 et seq., 1201, or 1101 et seq.], a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

While it is acknowledged that Dorsan is a creditor and is represented by Ms. Chaitman, the statute makes clear that mere representation of a creditor is not sufficient to disqualify Ms. Chaitman as special counsel unless there is "an actual conflict of interest".

"The term 'actual conflict of interest' is not defined in the Code and has been given meaning largely through a case-by-case evaluation of particular situations arising in the Bankruptcy context. Courts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists 'in light of the particular facts of each case'." (Citations omitted.) *In re BH & P, Inc.,* 949 F.2d 1300 (3rd Cir.1991) at 1315.

*BH & P, Inc.* is instructive in declining to follow a bright-line approach to disqualification but rather allowing the Bankruptcy Court a liberal discretion to evaluate each case on its facts taking all circumstances into account.

*BH & P, Inc.* specifically did "... not find error in the bankruptcy court's articulation of the standard governing conflict of interest applicable to professionals." *Id.* at p. 1316. That standard was quoted as follows:

"[t]he court should generally disapprove employment of a professional with a potential conflict, with certain possible exceptions. First of all, ... there may occasionally be large cases where every competent professional in a particular field is already employed by a creditor or a party in interest. ...

The other exception is where the possibility that the potential conflict will become actual is remote, and the reasons for employing the professional in question are particularly compelling. This court will not attempt here to define the parameters of this exception, which necessarily will depend upon the facts of a particular case. I will, however, note that even in such situations, employment of a professional with a potential conflict is disfavored." *Id.* at p. 1316 *citing In re BH & P, Inc.,* 103 B.R. 556, 564 (Bankr.D.N.J.1989).

The Third Circuit went on to indicate that,

"... we reiterate that 'historically, bankruptcy courts have been accorded wide discretion in connection with ... the terms and conditions of the employment of professionals,' *In re Martin,* 817 F.2d [175] at 182 [ (1st Cir.1987) ], and affirm that the conflict of interest principles which we have adopted regarding disqualification of trustees apply with equal force in those

situations involving employment of professionals. This flexible approach will require the bankruptcy courts to analyze the factors present in any given case in order to determine whether the efficiency and economy which may favor multiple representation must yield to competing concerns affecting fairness to all parties involved and protection of the integrity of the bankruptcy process. Factors to be considered include, but are not limited to, the nature of disclosure of the conflict made at the time of appointment, whether the interests of the related estates are parallel or conflicting, and the nature of the interdebtor claims made. As we have said, denomination of a conflict as 'potential' or 'actual' and the decision concerning whether to disqualify a professional based upon that determination in situations not yet rising to the level of an actual conflict are matters committed to the bankruptcy court's sound exercise of discretion. In order to ensure proper review in these cases, those factors underlying the exercise of discretion 'must be factually substantiated upon the evidentiary record.'" *In re Global Marine, Inc.,* 108 B.R. [998] at 1002 [ (Bankr.S.D.Tex.1987) ]. *In re BH & P, Inc., supra,* at p. 1316, 1317.

Although the Circuit was clear that the Bankruptcy Court has much discretion, it conditioned the use of that discretion upon a substantiated record.

■ The record is clear that this Court's original appointment of Ms. Chaitman was improvident since the original application was not accompanied by a verified statement as to her disinterestedness as required by Federal Rule of Bankruptcy Procedure 2014(a). For that reason alone, the Motion to Reconsider should be granted.

This was an oversight we believe was corrected by Ms. Chaitman's Certification filed on December 31, 1992.

■ While Ms. Chaitman does, in fact, represent a creditor of the Debtor, i.e. Dorsan, that representation, in and of itself, cannot disqualify Ms. Chaitman pursuant to the provisions of 11 U.S.C. § 327(c). Indeed, Dorsan, at the time of the hearing, autho-rized Ms. Chaitman to subordinate whatever claim they may have against the Debtor to all other unsecured creditors. *Transcript,* p. 13.

■ The objectors challenged the appointment of Ms. Chaitman on the grounds of the potential conflict of interest that might exist should the Trustee sue the Swendsens for fraud, mismanagement or any other impropriety. Although that possibility exists, the Court cannot ignore that this conflict does not exist in actuality but is "potential".

■ Since the employment of a professional in circumstances where there may be a "potential" conflict is disfavored, this Court must find good reason to consider that appointment despite that potential of conflict. This is entirely consistent with *Collier on Bankruptcy* which indicates that "... the appearance of impropriety remains as independent grounds for disqualification". *2 Collier on Bankruptcy,* ¶ 327.03[4] at 327–60, 15th Ed. (1992).

■ With that in mind, a consideration of the evidentiary record indicates that the interest of the related parties, i.e. the Swendsens, Dorsan and the Debtor, are parallel; that the litigation seeks not only money damages but avoidance of mortgage liens; that Helen Davis Chaitman, Esq. is a competent lender liability lawyer; and that there are few lawyers nationally that will undertake representation in a lender liability case on a contingent fee basis and that the only one mentioned on the record as willing to do so would require a One Hundred Thousand Dollars ($100,000.00) advancement toward costs of litigation and that this is so because lender liability litigation is so expensive. *Transcript,* p. 17.

Having found no actual conflict of interest present and further finding that there are significant factors supporting the appointment of Ms. Chaitman and having reconsidered its original appointment, the Court issues the attached ORDER.

### ORDER

Upon consideration of the various objections to the appointment of Helen Davis Chaitman, Esquire, and the law firm of Ross

& Hardies, as Special Counsel to the Chapter Seven Trustee, **IT IS HEREBY**

**ORDERED** that the objections to the said appointment are overruled and the appointment of Helen Davis Chaitman, Esquire, as Special Counsel to the Trustee is confirmed.